**Click here to Respond to Selected Documents**

**Sort Date Entries: Descending Ascending**

**Display Options:** All Entries ⌄

**01/18/2024**

**Corporation Served**

Document ID - 23-SMCC-3034; Served To - MHM SUPPORT SERVICES; Server - SO COLE COUNTY-JEFFERSON CITY; Served Date - 04-JAN-24; Served Time - 08:00:00; Service Type - Sheriff Department; Reason Description - Served; Service Text - By leaving a copy with CSC Lawyers, S.Lewis-Designee./bm

**Corporation Served**

Document ID - 23-SMCC-3033; Served To - MERCY HEALTH; Server - SO COLE COUNTY-JEFFERSON CITY; Served Date - 04-JAN-24; Served Time - 08:00:00; Service Type - Sheriff Department; Reason Description - Served; Service Text - By leaving a copy with CSC Lawyers, S. Lewis-Designee./bm

**12/27/2023**

**Summons Issued-Circuit**

Document ID: 23-SMCC-3034, for MHM SUPPORT SERVICES Summons saved and attached in PDF format for Attorney to retrieve from secure case.net./kj

**Summons Issued-Circuit**

Document ID: 23-SMCC-3033, for MERCY HEALTH Summons saved and attached in PDF format for Attorney to retrieve from secure case.net./kj

**12/23/2023**

**Filing Info Sheet eFiling**

**CRIFS/Unredacted Document**

CRIFS Exhibit A Unredacted in associated to Circuit Court filed on 12/23/2023./kj

   **On Behalf Of:** ALEXA PARKER OWENS

**CRIFS/Unredacted Document**

CRIFS Petition in associated to Circuit Court filed on 12/23/2023./kj

   **On Behalf Of:** ALEXA PARKER OWENS

**Pet Filed in Circuit Ct**

(Case initiation completed 12/27/23) Petition; Exhibit A./kj

   **On Behalf Of:** ALEXA PARKER OWENS

**Exhibit A**

Electronically Filed - GREENE - December 23, 2023 - 02:22 PM

## IN THE CIRCUIT COURT OF GREENE COUNTY, MISSOURI

| | |
|---|---|
| ALEXA PARKER OWENS )<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>**MERCY HEALTH,** )<br>Serve registered agent: )<br>   CSC-Lawyers Incorporating Service Co. )<br>   221 Bolivar St. )<br>   Jefferson City, Mo 65101 )<br>)<br>and )<br>)<br>**MHM SUPPORT SERVICES**, )<br>Serve registered agent: )<br>   CSC-Lawyers Incorporating Service Co. )<br>   221 Bolivar St. )<br>   Jefferson City, Mo 65101 )<br>)<br>**Defendants.** ) | **Case No.:**<br><br>JURY TRIAL DEMANDED |

## PETITION FOR DAMAGES

COMES NOW, Plaintiff Alexa Parker Owens, by and through their attorneys of record, Donelan Law, LLC, and, for their cause of action against Defendants Mercy Health and MHM Support Serrvices, states and alleges as follows:

## PARTIES

1.  Plaintiff Alexa Parker Owens ("Plaintiff") who is a resident of Greene County, Missouri, is an individual who was employed by Defendants Mercy Health and MHM Support Services.

2.  Defendant Mercy Health ("Mercy Health") is a Missouri non-profit corporation organized and existing under the laws of the state of Missouri. Defendant Mercy Health is engaged in business in the State of Missouri. Defendant Mercy Health may be served through its registered agent at the address listed in the caption. On information and belief, Defendant Mercy Health had

1

more than 500 employees in the last calendar year.

3. Defendant MHM Support Services ("MHM") is a Missouri non-profit corporation organized and existing under the laws of the state of Missouri. MHM is engaged in business in the State of Missouri. MHM may be served through its registered agent at the address listed in the caption. On information and belief, MHM had more than 500 employees in the last calendar year.

## VENUE AND JURISDICTION

4. The actions alleged herein occurred in Greene County, Missouri.

5. Plaintiff seeks damages in excess of $25,000.00.

6. Pursuant to the Missouri Constitution article V, Section 14, this Court has jurisdiction in this cause.

7. Plaintiff timely filed Charges of Discrimination with the Equal Employment Opportunity Commission ("EEOC").

8. For each Charge, the EEOC issued Plaintiff a Notice of Right to Sue permitting Plaintiff to file the present action within 90-days of receipt of the same. A true and correct copy of Said Notice of Right to Sue is attached hereto as Exhibit "A" and incorporated herein by reference.

9. This action is commenced within 90-days of the date provided on Exhibit A.

## FACTS OF THE OCCURENCE

10. Plaintiff started working for Defendants in 2018 as a pharmacy intern and continued working there during pharmacy school.

11. After graduating from pharmacy school with a Doctor of Pharmacy degree in spring of 2022, Plaintiff began working full-time as a pharmacy graduate student while Plaintiff completed additional necessary training and licensure requirements to become a licensed clinical pharmacist.

12. ███████ a senior clinical pharmacist with Defendants was one of Plaintiff's trainers as Plaintiff transitioned from a being a pharmacy graduate student to a clinical pharmacist.

2

Electronically Filed - GREENE - December 23, 2023 - 02:22 PM

Electronically Filed - GREENE - December 23, 2023 - 02:22 PM

13. Beginning in August of 2022, ███████ began sexually harassing Plaintiff at work.

14. ███████ would switch shifts with other individuals so he would be Plaintiff's trainer.

15. While working with ███████ he would frequently touch Plaintiff's body, including but not limited to touching Plaintiff's thighs, lower and upper back, hands, shoulders, legs, arms, and waist.

16. ███████ would also repeatedly comment on Plaintiff's appearance, including telling Plaintiff he liked their hair or smile.

17. ███████ also would repeatedly make inappropriate sexual comments.

18. ███████ would also isolate Plaintiff in areas of the pharmacy so he could be alone with Plaintiff.

19. ███████ would demand that Plaintiff respond to his Microsoft Teams messages regarding non-work-related stuff.

20. On one occasion, ███████ isolated Plaintiff in an area of the pharmacy and told Plaintiff that he had a crush on Plaintiff, and he did not know what it was about Plaintiff, but he felt like a "boy with a school crush," and that he was intentionally physical with Plaintiff because he "liked" Plaintiff. ███████ also stated he knew that he was a "dirty old man," and forced Plaintiff to tell him that he was a "dirty old man," ███████ then placed his hand on Plaintiff's waist, hugged Plaintiff, and took Plaintiff's hand and held it.

21. Plaintiff requested to ███████ that he not touch Plaintiff.

22. On or about August 25, 2022, Plaintiff called ███████, Pharmacist Supervisor for Defendants, and told her ███████ was sexually harassing Plaintiff, including touching Plaintiff and making sexually inappropriate comments.

3

23. Following this report, ▮▮▮▮▮▮▮▮▮▮ demoted Plaintiff from training for the position of clinical pharmacist to the position of technician staffing and informed Plaintiff that she would address the sexual harassment with ▮▮▮▮▮ and tell him he should not touch co-workers.

24. ▮▮▮▮▮▮'s sexual harassment caused Plaintiff to have increased stress and anxiety, forcing Plaintiff to switch from full-time to part-time employment with Defendants.

25. Plaintiff informed ▮▮▮▮▮▮▮▮ that Plaintiff was having health issues related to ▮▮▮▮▮'s sexual harassment of Plaintiff, and this was why Plaintiff had to switch to part-time.

26. After ▮▮▮▮▮▮ told Plaintiff she had spoken with ▮▮▮▮▮▮ he insisted that Plaintiff go with him to the controlled substance vault and he proceeded to tell Plaintiff that he had not gotten "to steal me away in so long," and that he "missed" Plaintiff, and again inappropriately touched Plaintiff during this interaction.

27. On or about August 30, 2023, Plaintiff told ▮▮▮▮▮▮▮ that ▮▮▮▮▮▮ continued to sexually harass Plaintiff.

28. Defendants did not take any prompt remedial action to stop the sexual harassment.

29. ▮▮▮▮▮▮ continued to inappropriately touch Plaintiff while working and he told Plaintiff he knew he was not supposed to touch Plaintiff but that Plaintiff would "have to deal with it."

30. ▮▮▮▮▮▮▮▮ was again informed by Plaintiff that ▮▮▮▮▮▮ continued to touch Plaintiff in a sexual manner and tell Plaintiff that he knew he was not supposed to be touching Plaintiff.

31. ▮▮▮▮▮▮▮▮ told Plaintiff that she had another conversation with ▮▮▮▮▮▮ about not touching co-workers.

32. In October 2022, Plaintiff received a license to practice pharmacy and was

4

immediately staffed as a clinical pharmacist. However, Plaintiff was not given the appropriate training due to being switched to the position of technician staffing after Plaintiff reported the sexual harassment.

33. On or about November 2, 2022, Plaintiff sent a message to ███████████ expressing Plaintiff's concern that Plaintiff had not received adequate training because of ████'s sexual harassment.

34. Defendants failed to take prompt remedial action to address ███████████'s sexual harassment, which resulted in Plaintiff never receiving adequate training from Defendants for the position of clinical pharmacist.

35. On or about November 27, 2022, due to the scheduling, Plaintiff was forced to rely on ███████ for assistance on an order. ███████ insisted on Plaintiff's physical presence to discuss a complex order wherein he inappropriately touched Plaintiff, commented on Plaintiff's appearance, and told Plaintiff he knew that he was not supposed to touch Plaintiff, but he was "working on it," and Plaintiff would just have to "bear with him through it."

36. On or about November 30, 2022, Plaintiff sent an email to ███████████ stating Plaintiff did not feel safe working with ███████ and he was continuing to sexually harass Plaintiff.

37. Plaintiff also voiced concerns to ███████████ that Plaintiff did not have the proper training to be staffing certain positions without more support. Again, this lack of training was caused by Defendants not providing Plaintiff adequate training due to Plaintiff's complaints of sexual harassment.

38. Around December 2, 2022, ███████████ informed Plaintiff that Human Resources had been informed and a formal investigation was being launched.

39. ███████████ told Plaintiff to monitor the schedule to ensure Plaintiff and ████

Electronically Filed - GREENE - December 23, 2023 - 02:22 PM

████ were apart.

40.     Defendants conducted an inadequate and delayed investigation into Plaintiff's sexual harassment complaints.

41.     On or about December 13, 2022, Plaintiff met with Michelle Smith, Mercy Talent Relations Consultant, ████████ and ████████, Manager of Pharmacy Operations, and was informed that they did not validate Plaintiff's complaint against ████████

42.     At the meeting on December 13, 2022, Plaintiff was told to stay away from ████ ████ monitor the schedule, and requested to sign a no contact order that prohibited Plaintiff from associating with ████████

43.     Again, Defendants did not take any action to address ████████'s sexual harassment of Plaintiff.

44.     ████████ continued to schedule Plaintiff on shifts with ████████

45.     On or about December 19, 2023, Plaintiff emailed ████████ informing her that Plaintiff was still having overlapping shifts with ████████ and due to his sexual harassment, Plaintiff did not feel safe and this was interfering with Plaintiff's ability to complete work.  Plaintiff requested that upcoming shifts be changed.

46.     Plaintiff continued to struggle with post-traumatic stress disorder ("PTSD") related to ████████'s sexual harassment.

47.     In January 2023, Plaintiff met with supervisors ████████ and ████████, wherein Plaintiff was scolded and told that Plaintiff's communications regarding the sexual harassment and investigation must cease.

48.     This verbal discipline was retaliation for Plaintiff's complaints of sexual harassment to Defendants.

49.     Still Defendants took no effective remedial measures to protect Plaintiff from ████

6

50. On or about January 17, 2023, Defendants again retaliated against Plaintiff when Plaintiff received a policy violation for legally protected behavior of talking about Plaintiff's work conditions, specifically the sexual harassment and Defendants' handling of it.

51. In violation of Plaintiff's legally protected rights, ███████████ told Plaintiff that all communication of anything involved in the case must cease and that Plaintiff cannot speak of it.

52. ███████████ threatened that "HR can take legal action" against Plaintiff and pressured Plaintiff to immediately sign the "Corrective Action Form".

53. On February 16, 2023, Plaintiff filed a Charge of Discrimination with the Missouri Commission on Human Rights and the Equal Employment Opportunity Commission alleging sex discrimination against Defendants and retaliation for participating in Defendants' complaint process for sexual harassment.

54. On or about March 1, 2023, ███████████ placed Plaintiff on a performance improvement plan ("PIP") in retaliation for Plaintiff's participation in the complaint process for sexual harassment through Defendants and for Plaintiff filing a complaint with the Equal Employment Opportunity Commission and the Missouri Commission on Human Rights.

55. Defendants did this despite Plaintiff having comparable performance levels to pharmacists with similar levels of training and experience.

56. At Plaintiff's 30-day PIP review with ███████████, despite lack of training and a hostile work environment, Plaintiff was told Plaintiff was meeting Defendants' expectations and doing well, but Plaintiff's supervisors criticized Plaintiff's "confidence" level.

57. Shortly after this meeting, ███████████ again started regularly entering Plaintiff's workspace, which exasperated Plaintiff's PTSD.

58. Plaintiff was informed by ████████████ that she was meeting Defendants' expectations and doing well at Plaintiff's 60 day PIP review.

59. Plaintiff informed ████████████ multiple times that ████████████ continued to come into Plaintiff's workspace and as a result Plaintiff did not feel safe, was having panic attacks and it was triggering Plaintiff's PTSD.

60. Plaintiff explained to ████████████ that ████████████ continually coming into Plaintiff's workspace was interfering with the level of concentration and focus required to complete Plaintiff's job.

61. Plaintiff repeatedly requested reasonable accommodations be provided for Plaintiff to complete Plaintiff's job functions.

62. Despite multiple requests, Defendants refused to provide reasonable accommodation for Plaintiff's PTSD.

63. Plaintiff was forced to take unpaid medical leave due to the worsening of Plaintiff's PTSD.

64. Despite Plaintiff having provided the medical documentation necessary to receive accommodations, Defendants refused to provide Plaintiff reasonable accommodations.

65. Plaintiff exhausted all internal procedures with Defendants for obtaining reasonable accommodations that would allow for Plaintiff to return to work.

66. Defendants denied implementing schedule coordination/shift assignment or any other type of procedure that would prevent Plaintiff from being in proximity to ████████████

67. Defendants indicated they would not implement any additional protocols but would rely on the previously implemented scheduling procedure they "have done since 2022."

68. Plaintiff informed ████████████ that during the time the scheduling procedure was in place, ████████████ was repeatedly informed that ████████████ continued to sexually

8

harass Plaintiff though inappropriate touching and sexual comments, as well as unnecessarily entering Plaintiff's workspace triggering panic attacks and PTSD, and that such interfered with Plaintiff's work performance.

69. On or about September 18, 2023, ▮▮▮▮▮▮▮▮▮ again discriminated and retaliated against Plaintiff by completely changing her position on Plaintiff's work performance and indicated her opinion now was that Plaintiff was not meeting the expected goals as laid out in the PIP.

70. ▮▮▮▮▮▮▮▮▮ provided PIP documentation wherein Defendants had increased the range of expected numbers for Plaintiff compared to the originally provided numbers on March 1, 2023.

71. Plaintiff continued to perform at levels comparable to other pharmacists with comparable training and experience, Plaintiff was not offered a reasonable opportunity to improve, but instead targeted by Defendants.

72. On or about September 27, 2023, Defendants constructively discharged Plaintiff by creating and/or failing to eliminate the intolerable work conditions that included sex and disability discrimination, and retaliation for protected activities.

**COUNT I**
**Violations of TITLE VII**
**Sex Discrimination**

COMES NOW Plaintiff, by and through their attorneys of record, Donelan Law, LLC, and for Count I of their cause of action against Defendants, states, alleges and avers to the Court as follows:

73. Plaintiff hereby incorporates all previous paragraphs and those that follow by references as if fully set forth herein.

74. Plaintiff was subjected to sexual harassment by co-worker ▮▮▮▮▮▮▮ which included ▮▮▮▮▮▮▮ sexually touching Plaintiff's thighs, lower and upper back, hands, shoulders,

9

Electronically Filed - GREENE - December 23, 2023 - 02:22 PM

legs, arms, and waist at work, repeated comments about Plaintiff's appearance and inappropriate sexual comments.

75. Such conduct by ███████████ was unwelcome by Plaintiff and based on Plaintiff's sex.

76. Defendants knew or should have known of the sexual harassment of Plaintiff by ███ ██████

77. Defendants failed to take appropriate action to end the sexual harassment.

78. Such conduct was sufficiently severe and pervasive that a reasonable person in the Plaintiff's position would find the Plaintiff's work environment to be hostile.

79. At the time, such conduct occurred and as a result of such conduct, the Plaintiff believed the work environment to be abusive and/or hostile.

80. Additionally, Defendants' actions in discrimination against and harassing Plaintiff, its failure to timely and adequately investigate and take remedial action following numerous complaints of sexual harassment by Plaintiff, failing to apply their own policies, and the constructive discharge of Plaintiff's employment, were undertaken because of Plaintiff's sex.

81. Defendants' actions constitute violations of Title VII of the Civil Rights Act of 1964.

82. As a direct and proximate result of the discrimination referenced in the proceeding paragraphs, Plaintiff has suffered the following:

    a. Lost income, including but not limited to the back pay, front pay and lost benefits;

    b. Lost career opportunities, including but not limited to opportunities for advancement, status, pay and benefits; and

    c. Mental and emotional anguish.

83. Plaintiff is entitled to and hereby requests an award of attorney's fees and post

10

Electronically Filed - GREENE - December 23, 2023 - 02:22 PM

judgment interest at the highest lawful rate on any award or verdict provided.

84.     The actions of Defendants were willful, wanton, and in complete indifference to Plaintiff's rights.  These actions are sufficient to justify the award of punitive damages to deter this Defendants, and other similarly situated from like conduct in the future.

WHEREFORE, Plaintiff prays for an award of damages against Defendants in an amount determined to be fair and reasonable; for reasonable attorneys' fees and costs incurred herein; for post-judgment interest as allowed by law; for punitive damages sufficient to deter Defendants, and others similarly situated, from like actions in the future; and for such other and further legal and equitable relief as the Court deems just and proper.

## COUNT II
### Violations of TITLE VII
### Retaliation

COMES NOW Plaintiff, by and through their attorneys of record, Donelan Law, LLC, and for Count II of their cause of action against Defendants, states, alleges and avers to the Court as follows:

85.     Plaintiff hereby incorporates all previous paragraphs and those that follow by references as if fully set forth herein.

86.     Plaintiff engaged in protected activity by making complaints of sexual harassment by co-worker ███████████ to Defendants.

87.     Plaintiff also engaged in protected activity when Plaintiff filed a Charge of Discrimination with the EEOC and MCHR.

88.     Plaintiff also engaged in protected activity when Plaintiff filed a complaint with the National Labor Relations Board for being illegally prohibited from discussing Plaintiff's work conditions.

89.     Defendants unlawfully retaliated against Plaintiff for engaging in protected activity in

11

each of the following ways individually, in combination, or in the alternative:

    a. By continually failing to take prompt remedial action to end the sexual harassment against Plaintiff;

    b. By forcing Plaintiff to take a reduction in work hours;

    c. By failing to provide Plaintiff adequate training and support;

    d. By moving Plaintiff to technician staffing position;

    e. By creating additional work for Plaintiff in having to monitor the schedule;

    f. By disciplining Plaintiff for legally protected activity including talking about Plaintiff's work conditions;

    g. By placing Plaintiff on a PIP despite performing at comparable levels to similarly situated employees;

    h. By forcing Plaintiff to take unpaid medical leave;

    i. By providing Plaintiff inaccurate performance assessments;

    j. By failing to in good faith engage in interactive process to provide reasonable accommodations for a qualified individual with a disability;

    k. By failing to make reasonable accommodations for Plaintiff's medically documented disability;

    l. By creating an intolerable work environment intended to force Plaintiff to resign; and

    m. By constructively discharging Plaintiff.

90. As a direct and proximate result of the retaliation referenced in the proceeding paragraphs, Plaintiff has suffered the following:

    a. Lost income, including but not limited to the back pay, front pay and lost benefits;

12

Electronically Filed - GREENE - December 23, 2023 - 02:22 PM

b.  Lost career opportunities, including but not limited to opportunities for advancement, status, pay and benefits; and

c.  Mental and emotional anguish.

91.  Plaintiff is entitled to and hereby requests an award of attorney's fees and post judgment interest at the highest lawful rate on any award or verdict provided.

92.  The actions of Defendants were willful, wanton, and in complete indifference to Plaintiff's rights.  These actions are sufficient to justify the award of punitive damages to deter this Defendants, and other similarly situated from like conduct in the future.

WHEREFORE, Plaintiff prays for an award of damages against Defendants in an amount determined to be fair and reasonable; for reasonable attorneys' fees and costs incurred herein; for post-judgment interest as allowed by law; for punitive damages sufficient to deter Defendants, and others similarly situated, from like actions in the future; and for such other and further legal and equitable relief as the Court deems just and proper.

## COUNT III
### Violation of AMERICANS WITH DISABILITIES ACT
### (DISABILITY DISCRIMINATION AND RETALIATION)

COMES NOW Plaintiff, by and through their attorneys of record, Donelan Law, LLC, and for Count III of their cause of action against Defendants, states, alleges and avers to the Court as follows:

93.  Plaintiff hereby incorporates all previous paragraphs and those that follow by references as if fully set forth herein.

94.  Pursuant to the Americans with Disabilities Act ("ADA"), as amended, an individual is disabled for purposes of the Act when a person has an impairment that substantially limits a major life activity.  42 U.S.C. § 12102(1).  Major life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting,

13

bending, speaking, breathing, learning, reading, concentrating, thinking, communicating and working. *Id*. at (2). Major life activities also include the immune system, normal cell growth, digestive, bowel, bladder, neurological, brain, respiratory, circulatory, endocrine, and reproductive functions. *Id*.

95. Plaintiff's post-traumatic stress disorder is a disability as defined by ADA.

96. The ADA prohibits employment discrimination of those with disabilities who can perform the essential functions of their job with or without reasonable accommodation.

97. The ADA also prohibits discrimination against those "regarded as" having a disability.

98. Plaintiff could have performed the functions of her position if Plaintiff had been permitted reasonable accommodation at work.

99. Defendants lacked good faith efforts to arrive at reasonable accommodations with Plaintiff.

100. Plaintiff, as an individual with a disability is a member of a protected group pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12102.

101. Defendants are employers as defined by the ADA in that Defendants are engaged in an industry impacting commerce and have had more than twenty-five (25) employees during the relevant periods described herein.

102. Plaintiff was subjected to a work environment that was discriminatory based on Plaintiff's disability.

103. Plaintiff engaged in protected activity by requesting reasonable accommodations due to Plaintiff's disability.

104. Defendants created an intolerable work environment for Plaintiff by their actions which included but is not limited to forcing Plaintiff to switch to part-time work, failing to provide adequate training and support, formally disciplining Plaintiff for legally protected conduct, placing

14

Plaintiff on a PIP despite Plaintiff's adequate performance, forcing Plaintiff to take unpaid medical leave, changing the goals in Plaintiff's PIP, and failing to make a good faith effort to reasonably accommodate Plaintiff.

105. Defendants' actions occurred because of Plaintiff's protected status.

106. Defendants' actions were done with the intent of forcing Plaintiff to resign.

107. Plaintiff's resignation was a reasonably foreseeable result of Defendants' actions.

108. A reasonable person in the Plaintiff's situation would have deemed resignation the only reasonable alternative.

109. Plaintiff is a member of a protected group and was subjected to discrimination due to Plaintiff's disability; a causal nexus between the discrimination and Plaintiff's membership in the protected group; the discrimination impacted a term, condition, or privilege of Plaintiff's employment with Defendants; Defendants knew or should have known of the discrimination and failed to take prompt remedial action or engage in good faith an interactive process to determine if an accommodation to perform Plaintiff's position was necessary; Plaintiff was forced to resign on account of the intolerable work environment created by Defendants because of Plaintiff's disability held by Defendants.

110. As a direct and proximate result of the discrimination, as described herein, Plaintiff has suffered the following:

    a. Lost income, including but not limited to the back pay, front pay and lost benefits;

    b. Lost career opportunities, including but not limited to opportunities for advancement, status, pay and benefits; and

    c. Mental and emotional anguish.

111. Plaintiff is entitled to and hereby requests an award of attorney's fees and post

15

judgment interest at the highest lawful rate on any award or verdict provided.

112.    The actions of Defendants were willful, wanton, and in complete indifference to Plaintiff's rights.  These actions are sufficient to justify the award of punitive damages to deter this Defendants, and other similarly situated from like conduct in the future.

WHEREFORE, Plaintiff prays for an award of damages against Defendants in an amount determined to be fair and reasonable; for reasonable attorneys' fees and costs incurred herein; for post-judgment interest as allowed by law; for punitive damages sufficient to deter Defendants, and others similarly situated, from like actions in the future; and for such other and further legal and equitable relief as the Court deems just and proper.

DONELAN LAW, LLC

By:    /s/ Sarah Donelan

Sarah Donelan
Missouri Bar No. 63165
Amanda Johnson
Missouri Bar No. 67401
Donelan Law, LLC
1655 S. Enterprise Ave, Suite A1
Springfield, MO 65804
Telephone: (417) 242-6262
E-Mail: Sarah@donelanlaw.com
Attorneys for PLAINTIFF

16

Electronically Filed - GREENE - December 23, 2023 - 02:22 PM

EEOC Form 161-B (01/2022)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| | |
|---|---|
| To: **Alexa Owens** ▉ | From: **St. Louis District Office**<br>**1222 Spruce St, Rm 8 100**<br>**St Louis, MO 63103** |

| EEOC Charge No.<br>**28E-2023-00805** | EEOC Representative<br>**CÁEL YINGLING,**<br>**Investigator** | Telephone No.<br>**3147981958** |
|---|---|---|

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

> More than 180 days have passed since the filing of this charge.

> The EEOC is terminating its processing of this charge.

*Equal Pay Act (EPA): You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.*

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

p.p. **LEATHA JOHNSON**    Digitally signed by LEATHA JOHNSON
Date: 2023.09.29 09:12:37 -05'00'

Enclosures(s)

**David Davis**
**District Director**

cc:    **Nathan Harris**
**14528 S Outer Forty Rd Suite 100**
**Saint Louis, MO 63141**

**Sarah Donelan**
**Donelan Law, LLC**
**1655 S. Enterprise Ave., Suite A1**
**Springfield, MO 65804**

EEOC Form 161-B (01/2022)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To: **Alexa Owens**

From: **St. Louis District Office**
**1222 Spruce St, Rm 8 100**
**St Louis, MO 63103**

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 560-2023-02802 | **CÁEL YINGLING,** Investigator | **3147981958** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

Less than 180 days have elapsed since the filing date. I certify that the Commission s processing of this charge will not be completed within 180 days from the filing date.

The EEOC is terminating its processing of this charge.

*Equal Pay Act (EPA): You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.*

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

p.p.        **LEATHA JOHNSON**   Digitally signed by LEATHA JOHNSON
Date: 2023.09.29 08:15:24 -05'00'

Enclosures(s)

**David Davis**
**District Director**

cc:   **Nathan Harris**
**14528 S. outer Forty Road Suite 100**
**Saint Louis, MO 63141**

**Sarah M Donelan**
**Donelan Law**
**1655 S. Enterprise Ave Suite A-1**
**Springfield, MO 65804**



# IN THE 31ST JUDICIAL CIRCUIT, GREENE COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>NATHAN ROBERT TAYLOR | **Case Number: 2331-CC01368** |
| Plaintiff/Petitioner:<br>ALEXA PARKER OWENS<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>SARAH M DONELAN<br>1655 S ENTERPRISE AVE<br>SUITE A1<br>SPRINGFIELD, MO  65804 |
| Defendant/Respondent:<br> MERCY HEALTH | Court Address:<br>JUDICIAL COURTS FACILITY |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | 1010 N BOONVILLE AVE<br>SPRINGFIELD, MO  65802 |

(Date File Stamp)

## Summons in Civil Case

The State of Missouri to:   MHM SUPPORT SERVICES
                                         **Alias:**

C/O CSC-LAWYERS INC SERVICE
221 BOLIVAR STREET
JEFFERSON CITY, MO  65101

**COURT SEAL OF**

**GREENE COUNTY**

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

| 12/27/23 | /s/Bryan Feemster by kj |
|---|---|
| Date | Clerk |

Further Information:

### Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to: _____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server                                      Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____          _____
                                              Date                                      Notary Public

| | |
|---|---|
| **Sheriff's Fees, if applicable** | |
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | **$_____** |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

SJRC (07-21) SM30 (SMCC) *For Court Use Only:* Document ID # 23-SMCC-3034  1 of 1 (2331-CC01368)   Civil Procedure Form No. 1, SCR 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 6:24-cv-03038-DPR    Document 1-1    Filed 02/02/24    Page 20 of 23



# IN THE 31ST JUDICIAL CIRCUIT, GREENE COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>NATHAN ROBERT TAYLOR | **Case Number: 2331-CC01368** |
| Plaintiff/Petitioner:<br>ALEXA PARKER OWENS<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>SARAH M DONELAN<br>1655 S ENTERPRISE AVE<br>SUITE A1<br>SPRINGFIELD, MO  65804 |
| Defendant/Respondent:<br> MERCY HEALTH | Court Address:<br>JUDICIAL COURTS FACILITY<br>1010 N BOONVILLE AVE<br>SPRINGFIELD, MO  65802 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to:  MERCY HEALTH
                      **Alias:**

**C/O CSC-LAWYERS INC SERVICE**
**221 BOLIVAR STREET**
**JEFFERSON CITY, MO  65101**

*COURT SEAL OF*

*GREENE COUNTY*

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

| 12/27/23 | /s/Bryan Feemster by kj |
|---|---|
| Date | Clerk |

Further Information:

## Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to: _____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
        Printed Name of Sheriff or Server                              Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____          _____
                                              Date                                          Notary Public

**Sheriff's Fees, if applicable**

| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

SJRC (07-21) SM30 (SMCC) *For Court Use Only:* **Document ID # 23-SMCC-3033**  1 of 1 (2331-CC01368)      Civil Procedure Form No. 1, SCR 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 6:24-cv-03038-DPR    Document 1-1    Filed 02/02/24    Page 21 of 23



# IN THE 31ST JUDICIAL CIRCUIT, GREENE COUNTY, MISSOURI

| Judge or Division:<br>NATHAN ROBERT TAYLOR | Case Number: 2331-CC01368 |
|---|---|
| Plaintiff/Petitioner:<br>ALEXA PARKER OWENS | Plaintiff's/Petitioner's Attorney/Address<br>SARAH M DONELAN<br>1655 S ENTERPRISE AVE<br>SUITE A1<br>SPRINGFIELD, MO 65804 |
| vs. | |
| Defendant/Respondent:<br>MERCY HEALTH | Court Address:<br>JUDICIAL COURTS FACILITY<br>1010 N BOONVILLE AVE<br>SPRINGFIELD, MO 65802 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | |

RECEIVED

JAN 03 2024

COLE COUNTY
SHERIFF'S OFFICE

FILED

J.A. JAN 18 2024

MAIL
CIRCUIT CLERK
GREENE COUNTY

(Date File Stamp)

## Summons in Civil Case

The State of Missouri to:  MERCY HEALTH
                          Alias:

C/O CSC-LAWYERS INC SERVICE
221 BOLIVAR STREET
JEFFERSON CITY, MO 65101

**COURT SEAL OF**

**GREENE COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

| 12/27/23 | /s/Bryan Feemster by kj |
|---|---|
| Date | Clerk |

Further Information:

### Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.

☑ (for service on a corporation) delivering a copy of the summons and petition to: CSC lawyers, S. Lewis (name) designee (title).

☐ other: _____.

Served at 350 E. High (address)

in Cole (County/City of St. Louis), MO, on 1-4-24 (date) at 800AM (time).

Sheriff John P Wheeler by SA Aimee Wray

Printed Name of Sheriff or Server          Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____    _____

                              Date                          Notary Public

| **Sheriff's Fees, if applicable** | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $_____10.00_____ | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| **Total** | $_____ | |

$20.00

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

SJRC (07-21) SM30 (SMCC) *For Court Use Only:* **Document ID # 23-SMCC-3033** 1 of 1 (2331-CC01368)     Civil Procedure Form No. 1, SCR 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 6:24-cv-03038-DPR     Document 1-1     Filed 02/02/24     Page 22 of 23



**IN THE 31ST JUDICIAL CIRCUIT, GREENE COUNTY, MISSOURI** J.A.

F I L E D
JAN 1 8 2024
M A I L
CIRCUIT CLERK
GREENE COUNTY

| Judge or Division:<br>NATHAN ROBERT TAYLOR | Case Number: 2331-CC01368 | |
|---|---|---|
| Plaintiff/Petitioner:<br>ALEXA PARKER OWENS | Plaintiff's/Petitioner's Attorney/Address<br>SARAH M DONELAN<br>1655 S ENTERPRISE AVE<br>SUITE A1<br>SPRINGFIELD, MO 65804 | **RECEIVED**<br><br>JAN 03 2024<br><br>COLE COUNTY<br>SHERIFF'S OFFICE |
| vs. | | |
| Defendant/Respondent:<br>MERCY HEALTH | Court Address:<br>JUDICIAL COURTS FACILITY<br>1010 N BOONVILLE AVE<br>SPRINGFIELD, MO 65802 | |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to:  MHM SUPPORT SERVICES
   **Alias:**
C/O CSC-LAWYERS INC SERVICE
221 BOLIVAR STREET
JEFFERSON CITY, MO  65101

**COURT SEAL OF**

**GREENE COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

| 12/27/23 | /s/Bryan Feemster by kj |
|---|---|
| Date | Clerk |

Further Information:

### Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.

☑ (for service on a corporation) delivering a copy of the summons and petition to: CSC Lawyers, S. Lewis (name) designee (title).

☐ other: _____.

Served at 350 E. High (address)
in Cole (County/City of St. Louis), MO, on 1-4-24 (date) at 800AM (time).

Sheriff John P Wheeler by _____ EA acine Wia
Printed Name of Sheriff or Server        Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____

| Date | Notary Public |
|---|---|

| **Sheriff's Fees, if applicable** | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary Supplemental Surcharge | $ 10.00 | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| **Total** | $_____ | |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

$11.00
$30

SJRC (07-21) SM30 (SMCC) *For Court Use Only:* Document ID # 23-SMCC-3034 1 of 1 (2331-CC01368)   Civil Procedure Form No. 1, SCR 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 6:24-cv-03038-DPR    Document 1-1    Filed 02/02/24    Page 23 of 23